WILLIAMS MANUF'G Co. *v.* FRANKLIN *et al.*[1]

(*Circuit Court, D. Delaware.* January 20, 1890.)

1. PATENTS FOR INVENTIONS—INVENTION—BASKETS.
The first claim of letters patent No. 313,910, dated March 17, 1885, for a wire hoop surrounding the staves of a basket, and having its ends bent around the opposite edges of one of the staves, does not cover a patentable novelty.

2. SAME.
A patented stave basket consisted of an ordinary stave basket, having stays extending over certain of the staves, from the top to the bottom of the basket, and a wire hoop surrounding the basket between the staves and the stays, held in position by nails driven through the stays and staves beneath the said hoop. The wire hoop was old, and the addition of stays not asserted to be an original device. *Held,* there was no invention in supporting the wire by the nails.

In Equity.

Bill in equity by the Williams Manufacturing Company against William J. Franklin and Omar Franklin, trading as Franklin Bros., to restrain infringement of patent.

*Conolly Bros.,* for plaintiff.

*Geo. Gray* and *H. H. Ward,* for defendants.

WALES, J. This is a suit in equity for the infringement of letters patent No. 313,910, dated March 17, 1885, granted to the complainant as assignee of Roland S. Bartlett. The subject of the patent is a stave basket which is used for carrying fruit and garden truck, in measured quantities, ready for market; and the alleged infringement is the unlawful manufacture, sale, and use by the defendants of truck or fruit baskets embodying the improvements covered by the two claims of the patent, which read as follows:

"(1) The combination, with the staves of a basket, of a middle hoop, encircling the basket, and having its ends bent around the opposite edges of one of the staves, substantially as described.

"(2) The combination, in a stave basket, of the bottom, the side staves, the hoops at the top and bottom, the re-enforcing and sustaining stays, F, secured by nails to the upper and lower hoops, the middle hoop overlaid by the stays, and nails, *n*, driven through the stays and staves under said middle hoop, whereby the latter is supported, substantially as described."

The essential feature of the Bartlett basket, and on which the validity of the complainant's patent depends, is the mode of fastening this middle hoop by nails, staples, or double-pointed tacks, driven through the staves and staves. The first claim, which is simply for a middle hoop of wire surrounding the basket, and having its ends bent around the opposite edges of one of the staves, presents no novelty whatever, either by itself or in combination with other parts. Time out of mind, wires have been secured in the same or like manner to innumerable objects, and for various purposes. In fact, an old stave basket, which is one of the de-

[1] Reported by Marks Wilks Collett, Esq., of the Philadelphia bar.

fendants' exhibits, has a middle wire hoop fastened at its ends precisely as described in the specification. The first claim, therefore, may be dismissed without further comment.

The only question to be considered by the court is, does the second claim contain a patentable invention? The object of the inventor, as described in the specification, is to provide improved means for forming the middle hoop, and for holding said hoop in place upon the basket. This is accomplished by placing vertical stays over some of the staves and the middle hoop. These stays consist of additional narrow strips of wood extending from the top to the bottom of the basket, and are fastened at their upper and lower ends by the same hoops which hold the staves together. A nail or double-pointed tack is driven through each stay and the stave beneath it, and below the middle hoop. It is claimed that this form of "suspension strip" serves materially to protect and strengthen the staves and basket. It is not asserted that the additional stave is an original device; and when the whole claim is examined in the light of the specification it appears that the only novelty in the combination is the mode of supporting the middle hoop by the nails or tacks which are driven under it and through the stays and staves. Everything else in the Bartlett basket is old. Repeated decisions in suits for the infringements of patents have established the rule that novelty and utility do not alone constitute invention; and, while the line between invention and mechanical skill is sometimes difficult to define, there must be, in every case, some evidence of the exercise of the creative faculty, as distinguished from the mere result of the practical knowledge and experience of a skilled mechanic, in order to bring a new machine or combination within the protection of the patent laws. If there is any such evidence in the construction of the Bartlett basket, it is difficult to find it. There is no novelty in putting a wire hoop around the middle of a stave basket or barrel, and in fastening the ends as described, or in re-enforcing some of the staves by a vertical stay; nor could the driving of a nail through the stay and stave immediately below the wire hoop have called into exercise, in the feeblest degree, what is known or conceived to be the inventive faculty. All the parts of the combination are old; and their adjustment, as shown in the drawings and exhibits, is nothing more than what would be expected from the applied skill of an intelligent mechanic. The object of the patent laws is well stated by Mr. Justice BRADLEY in *Atlantic Works* v. *Brady*, 107 U. S. 200, 2 Sup. Ct. Rep. 225:

"The design of the patent laws is to reward those who make some substantial discovery or invention which adds to our knowledge, and makes a step in advance in the useful arts. Such inventors are worthy of all favor. It was never the object of those laws to grant a monopoly for every trifling device, every shadow of a shade of an idea which would naturally and spontaneously occur to any skilled mechanic or operator in the ordinary progress of manufactures."

In a preceding part of the opinion the learned justice had said:

"To grant a single party a monopoly of every slight advance made, except where the exercise of invention somewhat above ordinary mechanical or engineering skill is distinctly shown, is unjust in principle, and injurious in its consequences."

In *Hollister* v. *Manufacturing Co.*, 113 U. S. 59, 5 Sup. Ct. Rep. 717, where the patent was for an admittedly new and useful improvement, and had been sustained as valid in the court below, it was held that a device which displays only the expected skill of the maker's calling, and involves only the exercise of ordinary faculties of reasoning upon materials supplied by special knowledge, and facility of manipulation resulting from habitual, intelligent practice, is in no sense a creative work of the inventive faculty, such as the constitution and patent laws aim to encourage and reward. *Thompson* v. *Boisselier*, 114 U. S. 1, 5 Sup. Ct. Rep. 1042, reaffirms the principles of the two cases just cited. Other authorities might be added to show that the Bartlett basket does not embody a patentable invention, but those referred to are deemed sufficient.

The method of securing the middle hoop, which is relied on as the main feature in the Bartlett basket, is, as defendants contend, suggested by the drawing accompanying letters patent No. 137,368, dated April 1, 1873, issued to William C. Higgins, for improvement in baskets. That drawing represents a wooden hoop placed around the middle of a woven basket, having outside vertical stays which support the hoop by bolts which are driven through the stays and hoop, and are fastened on the inside of the basket by a nut. If this is not an anticipation of Bartlett's alleged invention, it comes very near to being one. But the want of patentability is enough to render the complainant's patent invalid, and its bill must therefore be dismissed.